## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN L. NORRIS,                              ) | |
|                **Plaintiff,**          ) | |
|                          ) | |
| **v.**                                       ) | **No. 09-2597-CM/KGS** |
|                          ) | |
| **COMMUNITY AMERICA CREDIT**                 ) | |
| **UNION, et al.,**                           ) | |
|                          ) | |
|                **Defendants.**       ) | |

## <u>ORDER</u>

Before the court is plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3). Upon application and for good cause shown, plaintiff will be permitted to proceed *in forma pauperis* in this action; the court will consider plaintiff's claim without prepayment of any fees, costs or other securities. Also before the court is an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff has filed a response. For the following reasons, the court finds that the case must be dismissed.

On November 23, 2009, *pro se* plaintiff John Norris filed a complaint in this court alleging multiple defendants were involved with the unlawful repossession of his vehicle. The complaint states jurisdiction is proper pursuant to "UCC 1-203." (Doc. 1, at 2.)

Based on this court's duty to question subject matter jurisdiction at any stage in the proceeding, Magistrate Judge Sebelius issued a Notice and Order to Show Cause (Doc. 4). The Notice and Order set out the ways in which federal district courts have subject matter jurisdiction: original jurisdiction over civil actions arising under federal law; or jurisdiction over civil actions in

which the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. §§ 1331, 1332. Plaintiff's complaint failed to allege complete diversity of citizenship or that the amount in controversy exceeded $75,000. And although it alleged jurisdiction pursuant to "UCC 1-203," Judge Sebelius properly noted that the Uniform Commercial Code is not a federal statute that creates a cause of action, and plaintiff's complaint did not suggest that his right to relief depends on the resolution of a substantial question of federal law. Judge Sebelius directed plaintiff to show cause to the undersigned why the case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff's timely response to the order touches upon a variety of subjects, each of which—even liberally construed—fail to establish this court's jurisdiction. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff first suggests that the show cause order was premature because defendants, whose deadline to respond has not yet passed, may waive any jurisdictional defect. However, a lack of jurisdiction over the subject matter cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); and citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Second, he appears to suggest that jurisdiction is proper because the complaint is based on criminal and constitutional claims. Plaintiff asserts that "[t]he defendant committed extortion under

-2-

18 U.S.C. [§] 872.[1]  After payment under UCC rules was offered they did not deny it.  Therefore, based on acceptance of payment in full, letters of requesting payment for the vehicle and repossession of such was extortion . . . ."  He argues that, because "criminal violations" have been "brought to the court's attention it is well settled law" that the court must fully investigate plaintiff's allegations before dismissing them.  (Doc. 6, at 2.)  Plaintiff offers no citation to authority for these propositions, and the court can find none.

Further, plaintiff alleges that defendants' repossession of his vehicle constitutes a "constitutional denial of property without due process" in violation of the Fifth and Fourteenth Amendments.  (Doc. 6, at 2.)  The Due Process Clause of the Fifth Amendment prohibits the United States—as the Due Process Clause of the Fourteenth Amendment prohibits the States—from depriving any person of property without due process of law.  U.S. Const. Amends. V, XIV; *see Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  These constitutional protections do not subject private conduct to scrutiny.  *See Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004).  There is no suggestion here that defendants are government actors, or that any government official or state actor was involved in the challenged conduct.  *Id.*

While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," *Sears v. Equal Employment Opportunity Comm'n*, No. 86-2470, 1987 WL 15547, at *1 (D.D.C. Jan. 14, 1987), the court will not construe the plaintiff's complaint to create jurisdiction where there is none.  A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

---

[1]  18 U.S.C. § 872 prohibits extortion by officers or employees of the United States; defendants are not alleged to be officers or employees of the United States.

The court has carefully reviewed the complaint and plaintiff's response to the order to show cause and finds that, contrary to plaintiff's assertions, the complaint is not based on a federal statute that creates a cause of action, and does not suggest that plaintiff's right to relief depends on the resolution of a substantial question of federal law. Finding no basis for federal jurisdiction over the subject matter of plaintiff's complaint, the court dismisses the action with prejudice.

**IT IS THEREFORE ORDERED** that, upon application and for good cause shown, plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is granted. The court considered plaintiff's claim without prepayment of any fees, costs, or other securities.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Doc. 1) is dismissed with prejudice.

Dated this <u>13th</u> day of January 2010, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**